LOVETT *v.* LOVETT.

4-5356 124 S. W. 2d 831

Opinion delivered February 6, 1939.

648

*S. W. Woods,* for appellant.

*W. S. Walker, John H. Shouse, J. Loyd Shouse,* for appellee.

BAKER, J. This suit was instituted by the appellant to procure a divorce upon the alleged grounds of personal indignities. There is a voluminous record in this case and upon a full and complete examination of it we think the appellant has established, by a preponderance of the evidence, his action against the defendant, and that he is entitled to a decree of divorce on account of personal indignities suffered. The record discloses a series of charges or allegations made by the appellee against the appellant of misconduct most of which were not even supported by her own testimony. The most serious of which, when considered in the light of all the facts developed, turn out to be perversions, if not intentional misstatements of facts. There are baseless conclusions and unjustified suspicions all of which were continuously asserted, and persistently pursued beyond all reasonable bounds, and to us it appears that the only hope of relief is a divorce making the separation permanent.

By way of explanation it may be said that appellant and appellee were hard working people and frugal in their habits. They were home-owners, and as they approached middle-age they were able to have and enjoy more than the ordinary comforts, if not luxuries of life. Their associates were people of the same type, who likewise were able to possess and enjoy the finer things of our modern civilization. They too had, by their own industry and management, accumlated their own family fortunes. Though the exigencies of the times separated the members of this prosperous community, they were

able to visit back and forth 'between points in the extreme west, and their old home where nearly all of them were born and reared. At this period of middle life, for nearly everyone mentioned or involved. in this unusual, but sad denouement had reached that age, the appellee began to make charges of improper conduct of her husband, the appellant, and several of these married women with whom they had always associated upon equal social terms. The unfounded jealousies led on to baseless charges, so tainted with suggestions of improprieties and lustful implications as to become a general and continuous disturbing matter in family life. If appellant and appellee were alone the affected parties, there would be perhaps a modicum of reason to set out particulars. But since there are a number of women whose names appear in this record whose embarrassment by such a discussion would be inexcusable, we must refrain from setting forth details.

Let it be said as conclusive of all controversies that good women who have helped to build the family fortunes, mothers of children in their young manhood and womanhood, are not to be recklessly charged with even indiscretions. They are the salt of the earth.

We refuse to believe these baseless charges affecting so many who have always, except for those insinuations, lived untouched by rumor and gossip.

It must now be sufficient to say in this case that unless we are willing to believe that all the women with whom the appellant and appellee associated for the several years that they lived together were either immoral, or so indiscreet that their conduct took on the appearance of immorality, then we are forced to conclude that appellee's consistent and habitual accusations were wholly unjustified, that they were cruel, meant to harass and annoy and to bring about the natural results that ensued—a separation.

It follows the trial court should have granted appellant a decree of divorce.

The parties to this litigation have practically settled for themselves their property rights. The respective

properties upon which each has lived for the last two or three years are occupied and held by them as separate possessions; the appellee lives upon property in town which she says was bought by their partnership funds and which was improved by their joint labors and by funds which they had accumulated therefrom. This was conveyed to her as her individual property. The farm upon which the appellant lives was considered by them as being approximately of the same value as the city or town home, and he has had the exclusive control thereof, together with the rents and profits therefrom since the separation. It was agreed between them at one time that another or smaller farm, upon which neither lived, would be sold and the proceeds be divided. This agreement, no doubt, would have been enforced, had a decree of divorce been granted. It is, perhaps, a settlement as favorable to the appellee as she could insist upon and more than has been yielded to her by the decree of the Chancellor in which she was the successful party.

On account of the property involved, this cause is remanded to the chancery court, with directions to grant a decree of divorce to the appellant, and, further, if appellant and appellee are unable to make any other or preferred settlement as to property rights, to confirm title of each in the property occupied by them respectively and to partition, by sale, the other piece of property by the appointment of a commissioner, and after the sale and payment of expenses of this litigation not already paid, to divide equally between them proceeds therefrom.